UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL WHEELER, ) <br> ) <br>         Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> PETER PIAZZA, Deputy Director of the ) <br> Department of Police, Illinois Secretary of ) <br> State, in his individual and official ) <br> capacities; SYDNEY ROBERTS, Director ) <br> of the Department of Police, Illinois ) <br> Secretary of State, in her individual and ) <br> official capacities; DONNELLE GRYGIEL, ) <br> Captain of the Department of Police, ) <br> Illinois Secretary of State, in her individual ) <br> and official capacities; and ELMER ) <br> GARZA, Lieutenant of the Department of ) <br> Police, Illinois Secretary of State, in his ) <br> individual and official capacities, ) <br> ) <br>         Defendants. ) | Case No.: 16 CV 3861 <br><br> Judge: Mary M. Rowland |

**JOINT STATUS REPORT**

NOW COMES the parties, by and through their respective counsel, and pursuant to the order entered on September 10, 2019 by the Honorable Mary M. Rowland and her Honor's standing order, state as follows:

    **I.**    **Nature of the Case**

Plaintiff, Paul Wheeler is represented by Laura L. Scarry and James L. DeAno, DeANO & SCARRY, LLC. Ms. Scarry is lead counsel. Defendants, Peter Piazza, Syndey Roberts, Donnell Grygiel and Elmer Garza are represented by Assistant Attorneys General Sarah Hughes Newman and Erin Walsh of the Office of the Illinois Attorney General. Ms. Newman is lead counsel.

  B. Federal jurisdictions is based on 28 U.S.C. § 1331, 42 U.S.C. § 1983, and its jurisdictional counterpart, 28 U.S.C. § 1343(c).

  C. Plaintiff's action is for monetary damages for alleged violations of Plaintiff's rights via 42 U.S.C. § 1983 under the First Amendment and the due process clause of the Fourteenth Amendment to the United States Constitution, as well as Illinois state law. In sum, Plaintiff alleges that after he reported misconduct by employees of the Office of the Secretary of State, he was subject to retaliation in his employment by the Defendants. Plaintiff's complaint alleges the followings claims:

  Count I – First Amendment under 42 U.S.C. § 1983;

  Count II – Conspiracy to violate constitutional rights under 42 U.S.C. § 1983;

  Count III – Illinois State Officials and Employees Ethics Act;

  Count IV – Illinois Whistleblower Act;

  Count V – Conspiracy under Illinois state law; and

  Count VI – Indemnification under Illinois state law

Defendants have pled the following affirmative defenses: (1) Non-Retaliatory Motivation; (2) Qualified Immunity; and (3) Sovereign Immunity.

There are no counterclaims or third-party claims.

  D. Plaintiff seeks monetary damages, punitive damages and attorneys' fees.

  E. All of the parties have been served.

**II. Discovery and Pending Motions**

There are no pending motions; however, to provide background for the Court, the parties engaged in extensive preliminary motion practice on the pleadings as follows:

 May 31, 2016 – Defendants filed a motion to dismiss Plaintiff's complaint;

December 16, 2016 – Plaintiff filed a first amended complaint;

March 2, 2017 – Defendants filed a motion to dismiss Plaintiff's first amended complaint after which the parties fully briefed the issues;

February 13, 2018 – the Honorable Judge Robert M. Dow, Jr. issued a memorandum opinion and order granting Defendants' motion to dismiss and gave plaintiff leave to file an amended complaint;

March 20, 2018 – Plaintiff filed a second amended complaint;

April 26, 2018 – Defendants filed a motion to dismiss Plaintiff's second amended complaint after which the parties fully briefed the issues;

March 5, 2019 – the Honorable Judge Robert M. Dow, Jr. issued a memorandum opinion and order dismissing Count VI and denying the remainder of Defendants' motion.

    B.  This case is not subject to the Mandatory Initial Discovery Pilot Project.

    C.  The parties are currently engaged in written discovery. Fact discovery is to be completed by December 31, 2019.

    D.  There have been no substantive rulings since the filings of the motions to dismiss described above.

    E.  Depending on discovery, Defendants may file a motion for summary judgment.

**III.  Trial**

    A.  A jury demand has been made.

    B.  No trial date has been set. The parties will be ready for trial in the Spring 2020.

    C.  No final pretrial order has been filed. No deadline for the filing of a pretrial order has been set.

    E.  The parties expect the trial to be 5-7 days in length.

IV. **Settlement, Referrals and Consent**

A. The case has not been referred to the Magistrate Judge for discovery supervision and/or a settlement conference.

B. No settlement discussions have occurred.

C. The parties do not request a settlement conference at this time.

D. The parties do not consent to proceed before the Magistrate Judge.

Respectfully submitted,

| | |
|---|---|
| Laura L. Scarry | Sarah Hughes Newman |
| Plaintiff's Counsel | Defendants' Counsel |
| DeANO & SCARRY, LLC | OFFICE OF ILLINOIS ATTORNEY GENERAL |
| 53 W. Jackson Blvd. | 100 W. Randolph St. |
| Suite 1610 | 13th Floor |
| Chicago, IL 60604 | Chicago, IL 60601 |
| (630) 690-2800 | (312) 814-3000 |
| lscarry@deanoscarry.com | snewman@atg.state.il.us |
| | |
| s/*Laura L. Scarry* | s/*Sarah Hughes Newman* |